IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS MCCLURE,<br><br>         Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration;<br><br>         Defendant. | **8:22CV33**<br><br>**MEMORANDUM AND ORDER** |

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff Douglas McClure ("McClure") moves for an order reversing the final determination of the Commission who denied his application for disability benefits, Filing No. 10. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, moves for an order to remand, Filing No. 13. In McClure's reply brief, he agrees an order to remand might be warranted, but opposes the general motion to remand in hopes the Court will review the additional issues as outlined by McClure. Filing No. 15. This Court has jurisdiction to review this matter under 42 U.S.C. § 405(g).

**I.    Background**

Plaintiff was born on July 12, 1971 and was 48 years at the time of his filing. He has at least a high school education. McClure filed an application for Title II disability benefits on January 23, 2020, alleging he suffered from a disability that began on December 9, 2019, due to low back pain, right knee pain, shoulder, and elbow impairments. Filing No. 11 at 2 and 4. His application was initially denied and on

1

reconsideration, he was granted a telephone hearing before an Administrative Law Judge ("ALJ") on November 5, 2020. *Id.* at 4. The ALJ found McClure had the following severe impairments: lumbar spondylosis/post-laminectomy syndrome; degenerative joint disease of the right knee; left shoulder impingement syndrome; status-post left shoulder arthroscopy; obesity; and bilateral lateral epicondylitis. Filing No. 7-2 at 19. The ALJ found McClure's impairments did not meet or equal the Listings of Impairments. The ALJ then determined McClure's residual functional capacity ("RFC"), finding he had the following limitations through his date last insured:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can only stand/walk for up to 4 hours in an 8-hour workday; can perform occasional overhead reaching and frequent reaching in all other directions, with the left upper extremity; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; and never work around hazards (such as unprotected heights and moving mechanical parts). Additionally, the claimant requires the opportunity to alternate between sitting and standing, such that after 1 hour of standing, he would need the ability to sit down for approximately 5 minutes, during which time he could remain productive and at the work area.

Filing No. 7-2 at 19–20.

The ALJ found McClure unable to perform past relevant work but determined he could perform other sedentary unskilled work that existed in the national economy. Filing No. 7-2 at 26. Specifically, the ALJ had found McClure was able to perform the occupations of document preparer, addresser, and polisher. The ALJ denied McClure's claim on December 1, 2020. *Id.* The Appeals Council denied his appeal on review, making the ALJ's decision the final agency decision. *Id.*

**II.   Law**

Review by this Court is limited to an inquiry into whether there is substantial evidence on the record to support the findings of the ALJ and whether the ALJ applied

the correct legal standards. *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). The ALJ has a duty to fully and fairly develop the record to support his determination. In making his determination during the step five determination, the ALJ has an affirmative duty to ask about any conflicts between the vocational expert's ("VE") testimony and the Dictionary of Occupational Title ("DOT") job description. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014). If there is an apparent conflict between the VE's testimony and DOT, the ALJ must resolve that discrepancy and describe a reasonable explanation for the conflict. *Moore v. Colvin*, 769 F.3d 987, 989–90 (8th Cir. 2014).

If there is an error in the ALJ's determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). When the ALJ does not fully and fairly develop the record concerning 'some' medical evidence supporting the RFC determination, the court should remand the claim for further proceedings. *Combs v. Berryhill*, 878 F.3d 642, 647–48 (8th Cir. 2017); *Bonnett v. Kijakazi*, 859 F. App'x 19 (8th Cir. 2021). District courts cannot award Social Security disability benefits unless "the record 'overwhelmingly supports" an "immediate finding of disability." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000).

### III. Discussion

#### A. Failure to Develop the Record

The Court finds that the ALJ has not fully developed the record. The ALJ found that McClure could only perform "occasional overhead reaching and frequent reaching in all other directions, with the left upper extremity." Filing No. 7-2 at 19. The work the ALJ found that McClure could perform required frequent reaching per the DOT. The vocational

3

expert testified that past work was not available, but other sedentary unskilled jobs were available such as document preparer, addresser, and polisher of eye frames. Filing No. 7-3 at 26.

Plaintiff argues that the ALJ made an SSR-00-4p[1] error that warrants remand. The ALJ found McClure could only "perform occasional overhead reaching and frequent reaching in all other directions, with the left upper extremity"—this was his dominant arm. Filing No. 7-2 at 19; Filing No. 7-9 at 19 (left-handed)). The other work the ALJ found McClure could perform required frequent reaching per the Dictionary of Occupational Titles and its companion publication, the Selective Characteristics of Occupations. (*See* Filing No. 7-2 at 26); 249.587-018 Document Preparer, Microfilming, DICOT 249.587-018; 209.587-010 Addresser, DICOT 209.587-010; Polisher, eye frames, 713.684-038 Polisher, Eyeglass Frames, DICOT 713.684-038. There is a conflict, argues plaintiff, regarding the overhead reaching that must be recognized and resolve with additional testimony from a vocational expert. See *Bennett v. Comm'r of Soc. Sec.*, No. 1:16-CV-227, 2016 WL 7395795 (N.D. Ohio Dec. 2, 2016) (collecting one-armed overhead reaching limitation SSR 00-4p cases and concluding: "Most courts analyzing this issue have found a potential or apparent conflict between a DOT job description requiring frequent reaching and a claimant's limitation of no overhead reaching or occasional

---

[1] "PURPOSE: This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and Explain in the determination or decision how any conflict that has been identified was resolved." SSR-00-4p.

reaching with one arm."). The sources in this case, the DOT and the ALJ, are conflicting as to the ability to do overhead reaching. In making his step five determination, the ALJ has an affirmative duty to ask about any possible conflicts between the VE's testimony and the DOT job description. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014). If there is a conflict, the ALJ must resolve it be determining if there is a reasonable explanation for the conflict. See *Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014).

The Court finds that the ALJ did not meet its burden under SSR 00-4p. There was a conflict between McClure's abilities as described by the ALJ and the requirements of the jobs noted by the VE per the DOT. The vocational expert did not recognize or explain the apparent conflict between the overhead reaching limitations in the ALJ's hypothetical questions and the jobs identified per the DOT. The ALJ needs to recognize and resolve the conflicts.

The Court reverses the ALJ's decision and remands plaintiff's claim for further proceedings at step five of the sequential evaluation process. See *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014). The Commissioner should conduct further proceedings and issue a new decision under Sentence Four of 42 U.S.C. § 405(g).

### B. Medical Evidence

Next, plaintiff asks this Court to review the analysis of the ALJ as it relates to how he interpreted the medical evidence. In particular, plaintiff argues that the ALJ failed to adequately rely on the treating physicians but instead relied on the consulting examiners. The Court has reviewed the record, and there is considerable evidence submitted by the medical treating physicians. However, the ALJ only mentions one treating doctor by name, Dr. Peter Piperis, In that regard, he ALJ states:

> "The claimant's treating orthopedic surgeon, Dr. Peter Piperis, M.D., submitted two opinion statements on behalf of the claimant, in February of 2020, and in October of 2020. The February statement appears to be temporary limitations, as Dr. Piperis notes a return to work date of March 17, 2020. In the October statement, Dr. Piperis notes that he "performed a spinal cord stimulator trial which was successful. I then referred him to neurosurgery for placement of a permanent system. I have not seen the patient since making this referral so I am unable to comment on his current condition. Interestingly, despite these comments, Dr. Piperis went on to opine the claimant can stand for no more than two hours in an eight-hour workday, sit for no more than four hours per day, would need to alternate between sitting and standing every 15-20 minutes, and can lift no more than 10 pounds occasionally (Exhibit 18F)."

Filing No. 7-2 at 22–23.

The ALJ discounted those opinions, finding them unpersuasive for the reason that Dr. Piperis had not seen the claimant in three months. Dr. Piperis also said that the claimant was having a positive response to the spinal cord simulator trial. Based on these two opinions, the ALJ determined that that there are "significant questions about reliance on the permancey/longevity of Dr. Piperis' proposed limitations." Filing No. 7-2 at 23. The ALJ then stated he would instead rely on the objective medical evidence. Further, the ALJ did not even mention the opinions of Dr. Lorrie McGill,[2] claimant's treating physician. On remand, the ALJ is instructed to conduct further proceedings and to state why it discounted the opinions of the treating physicians, or in the alternative, the ALJ can make any other determination based on the evidence presented.[3]

---

[2] Dr. McGill opined that claimant had a number of limitations and recommended that he "be awarded at least temporary disability for the next year to allow time for healing and further treatment options to be explored."  Filing No. 7-12 at 22.

[3] The Commissioner notes in her reply brief that some benefits have now been paid to the plaintiff.   It is possible that some of these issues might be moot on remand, based on at least partial payments.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion to reverse and award benefits, Filing No. 10, is denied.

2. Defendant's motion to remand, Filing No. 13, is granted.  This case is reversed and remanded to the Commissioner for further proceedings consistent with this Memorandum and Order.

3. A judgment in accordance with this Memorandum Opinion will be entered.

Dated this 10th day of January, 2023.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge
