IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS MCCLURE,<br><br>  Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>  Defendant. | **8:22CV33**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's, Douglas McClure's, motion for attorney fees in the amount of $2,763.55, and reimbursement of the filing fee of $402 under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). Filing No. 19. The Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, does not object to the motion for attorney fees. Filing No. 20.

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." 28 U.S.C. § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 does not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* Fee awards are subject to offset to satisfy any pre-existing debt a plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not object to Plaintiff's EAJA motion. See Filing No. 20.

The Court finds that the plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. See Filing No. 19-2. Plaintiff requests attorney fees totaling $ 2,763.55, representing .5 hours billed in 2021 at a rate of $207.78 per hour, 10.5 hours billed in 2022 at a rate of $234.95 per hour, and .8 hours billed in 2023 at a rate of $240.85 per hour. Filing No. 19-3. Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. Filing No. 19-2 at 2–3; Filing No. 19-4.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable. See 28 U.S.C. § 2412(c).

IT IS ORDERED:

1. The Plaintiff's motion for attorney fees is granted. Filing No. 19.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $2,763.55 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.  Plaintiff is also awarded reimbursement for the filing fee costs of $402.  Such awards shall be paid by the Social Security Administration.

3. A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 28th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge